Santos **VENTURA–FLORES,**
**Petitioner,**

v.

Eric H. **HOLDER, Jr., Attorney**
**General, Respondent.**

**No. 10–71885.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 26, 2012.*

Filed July 6, 2012.

Marc Karlin, Karlin & Karlin, APC, Los Angeles, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stuart Nickum, Trial, Oil, David V. Bernal, Assistant Director, U.S. Department Of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

## MEMORANDUM **

Santos Ventura–Flores, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Popa v. Holder*, 571 F.3d 890, 894 (9th Cir.2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Ventura–Flores' motion to reopen because it is undisputed that the written notice of the hearing was mailed to the most recent address provided by Ventura–Flores. *See* 8 U.S.C. § 1229(c).

We lack jurisdiction to consider Ventura–Flores' unexhausted claim that his due process rights were violated. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Ventura–Flores' remaining contentions are unavailing.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-